CITY OF TULSA v. COCKRELL.

No. 31473. April 23, 1946.

Rehearing Denied June 18, 1946.

Second Petition for Rehearing Denied
Feb. 11, 1947.

*176 P. 2d 818.*

E. M. Gallaher, L. A. Justus, Philip
J. Kramer, and C. Lawrence Elder, all
of Tulsa, for plaintiff in error.

M. C. Spradling, of Tulsa, for de-
fendant in error.

PER CURIAM. This is an appeal by
the city of Tulsa from a judgment ren-
dered in favor of L. L. Cockrell. The
action by Mr. Cockrell was brought to
recover salary as a member of the city
police department and was predicated
on the theory that he was removed from
office in violation of the provisions of
section 30, art. 11, of the city charter.
This section provides:

"All policemen and firemen of the
City of Tulsa shall hold their positions
during good behavior, and shall not be
removed from the same except for such
cause as in the opinion of the Board
of Commissioners renders them unfit
to remain in the service of the city, and
after written notice, giving the grounds
for such discharge or removal, and an
opportunity to be heard on such charges
or reasons."

The evidence discloses that plaintiff
had been duly appointed as member
of the police department of defendant
city; that at the time of his appoint-
ment the department consisted of 140
men; that the city by resolution fixed
the salary of each member of the de-
partment; that the total salaries as
fixed by such resolution exceeded the
appropriation made by the excise board
for this purpose for the then fiscal year
of approximately $10,000. On May 5,
1938, the city enacted an ordinance
whereby the police force was reduced
from 140 men to 124 men. Under a later
ordinance the force was further re-
duced to 99 men. This resulted in a
removal of certain members from the
force. Plaintiff was one among those
removed.

The evidence discloses that it was
essential to reduce the number of the
police force in order to bring the ex-
penditure of the department within the
appropriation and within the constitu-
tional debt limit as provided by section
26, art. 10, of the State Constitution.
At the beginning of the succeeding fis-
cal year, and after a new budget, on
July 1, 1938, the city enacted a new
ordinance whereby it increased its
police force from 99 men to 142, thus
providing for 43 additional men, which
were thereafter appointed by the city.
Plaintiff, however, was not re-employ-
ed.

The trial court reached the conclu-

sion that plaintiff was removed as a member of the police force in violation of the terms of the city charter and rendered judgment in his favor. It is the contention of the defendant that the conclusion so reached and the judgment rendered is contrary to law. This contention must be sustained. In the case of City of Tulsa v. Johnson, 193 Okla. 501, 145 P. 2d 198, it is said:

"A municipality of this state may reduce the number of its policemen when such reduction is necessary to keep its expenditures within the debt limit for municipalities provided in our State Constitution even though its charter contemplates that policemen shall hold their office during good behavior."

In the case of City of Tulsa v. Pender, 194 Okla. 674, 154 P. 2d 99, we said:

"A provision of the city charter which provides that policemen may not be removed except for cause, upon hearing, does not mean that policemen who are removed from the force by a reduction in members of the police department to keep expenditures within constitutional provisions constitute a preferred class or reserve who must be given first consideration in the filling of vacancies thereafter."

The facts in the instant case are very similar to the facts in the above cases. What is there said applies here.

Defendant in error insists that, because plaintiff in error, defendant below, although demurring to his evidence, failed to move for judgment at the conclusion of all the evidence, this court will not review the evidence to see whether the judgment is sustained thereby. However, this cause was tried to the court without the intervention of a jury, was submitted on argument and briefs to the trial court, and we think this contention is without merit under the record herein.

The judgment is reversed and the cause remanded with directions to dismiss.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur. RILEY, J., dissents.